1810.

*Sunbury,*
*Monday,*
June 11.

TAGGART *against* COOPER.

IN ERROR.

If bail in error is not perfected within ten days after exception, not only may execution issue from the court below, but the defendant in error is intitled to a nonpros.

BY the minutes of the prothonotary in this case, which was a writ of error to the Common Pleas of *Northumberland*, it appeared that on the 24th *August* 1808, the recognisance of *William Murray* and *Matthew Irwin* was taken as bail in error, and notice given to the defendant in error. On the 27th the bail was excepted to, and on the 7th of *September*, at the instance of the attorney for the plaintiff in error, the time for perfecting bail was enlarged to the 12th; but on that day, the parties not appearing to perfect the bail, and the defendant's attorney proving notice of his exception, the prothonotary nonprossed the writ.

The question was whether the cause was in court, or in other words, whether the *nonpros* was regular.

*D. Smith* and *Watts* for the plaintiff in error, contended that the *nonpros* should not have been entered, but that the spirit of the rule of court was satisfied by permitting execution to issue in case good bail was not put in. A writ of error might have been taken out without bail, with every effect except as to staying execution; and omitting to perfect the bail left the plaintiff in error where he would have been, had no bail been entered.

*Duncan* contra, insisted that the language of rule 12 of this court was imperative upon the prothonotary to *nonpros* the writ, in case the bail was not perfected within ten days after exception, or in other words, to put the cause out of court; and the spirit of the rule was the same, as it intended to punish the plaintiff in error for entering sham bail.

PER CURIAM. On examining the rule of court we find it expressed in terms too clear to admit of a doubt. If the writ of error had been taken out without offering bail, the plaintiff below would have suffered no delay of execution. But he has been delayed by the improper conduct of the defendant below, in entering insufficient bail. This improper conduct de-

serves some punishment, and that is the reason why the rule of court directs a *nonpros* tó be entered in such cases. The opinion of the court is that the *nonpros* was properly entered.